# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2019, 5:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Erik J. Bryant
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rolando Marquice Calhoun, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 12, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2044 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven J. Rubick, Magistrate <br><br> Trial Court Cause No. <br> 49G01-1709-F5-35385 |

**Pyle, Judge.**

**Statement of the Case**

[1] Rolando Calhoun ("Calhoun") appeals the following convictions: (a) domestic battery resulting in bodily injury to a pregnant woman, a level 5 felony;[1] (b) strangulation, a level 5 felony;[2] (c) intimidation, a level 5 felony;[3] (d) pointing a firearm, a level 6 felony;[4] kidnapping, a level 6 felony;[5] and domestic battery, a level 6 felony.[6] Due to Calhoun's death, we dismiss his appeal.

[2] We dismiss.

**Facts**

[3] On September 14, 2017, police responded to a 9-1-1 call concerning an incident at the home of Calhoun and his wife, Ayobami Calhoun ("Ayo"). After speaking with Ayo regarding the events precipitating the 9-1-1 call, the officers arrested Calhoun as he was trying to flee through the garage. On September 18, 2017, the State charged Calhoun with several counts.

[4] Following a bench trial on July 11, 2018, the trial court convicted Calhoun of six counts: (a) domestic battery resulting in bodily injury to a pregnant woman,

---

[1] IND. CODE §§ 35-42-2-1.3(a)(1) and (3).

[2] I. C. §§ 35-42-2-9(b) and (c).

[3] I. C. §§ 35-45-2-1(a)(2) and (b)(2)(A).

[4] I. C. § 35-47-4-3(b).

[5] I. C. § 35-45-3-2(a).

[6] I. C. §§ 35-42-2-1.3(a)(1) and (b)(1).

a level 5 felony; (b) strangulation, a level 5 felony; (c) intimidation, a level 5 felony; (d) pointing a firearm, a level 6 felony; kidnapping, a level 6 felony; and domestic battery, a level 6 felony. The trial court sentenced Calhoun to an aggregate term of three years with all but time served suspended to probation. (Tr. 75). Calhoun subsequently appealed all six of his convictions, challenging the sufficiency of the evidence.

## Decision

Pursuant to INDIANA RULE OF EVIDENCE 201(a)(2)(C), we may judicially notice "the existence of … records of a court of this state." Accordingly, we take judicial notice of the existence of records in the related case between Calhoun and Ayo in Hendricks Superior Court 1 under the cause number 32D01-1809-DC-000524. Specifically, we note the existence of an order dated February 6, 2019, dismissing Ayo's marriage dissolution petition due to Calhoun's death. Likewise, we dismiss the present appeal due to Calhoun's death. *See* IND. APP. RULE 17 ("The death of the appellant abates a criminal appeal.").

Dismissed.

Najam, J., and Altice, J., concur.